IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Frank Emery Torok II<br>　　　　　Debtor | CHAPTER 13 |
| US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust<br>　　　　　Movant<br>vs.<br>Frank Emery Torok II<br>　　　　　Debtor<br>Joann M. Torok<br>　　　　　Co-Debtor<br>Scott F. Waterman, Esquire<br>　　　　　Trustee | NO. 21-12867 PMM<br><br>11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$12,977.39,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2021 to December 2021 at $2,293.81/month<br>January 2022 to March 2022 at $2,450.59 |
| Fees & Costs Relating to Motion: | $1,038.00 |
| **Total Post-Petition Arrears** | **$12,977.39** |

2.　The Debtor(s) shall cure said arrearages through within the following schedule:

　　a) Debtor shall list the property by April 1, 2022, and provide proof of listing to Movant, through its undersigned counsel

　　b) Debtor shall sell the property by September 1, 2022, including a complete payoff to US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust based upon a accurate payoff amount at the time of closing

3.　In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

5. If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 3, 2022

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: March 10, 2022

/s/ Charles Laputka, Esquire
Charles Laputka, Esquire
Attorney for Debtors

Date: 3/18/22

Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 24th day of March, 2022. However, the court retains discretion regarding entry of any further order.

/Patricia M. Mayer/

Bankruptcy Judge
Patricia M. Mayer