**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: Frank Emery Torok, II** | : | CHAPTER 13 |
| | : | |
| **Debtor** | : | Case No. 21-12867-PMM |

# ORDER

Upon consideration of the Motion to Sell Real Property filed by the Debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby;

**ORDERED,** that Debtor is granted permission to sell his real property located at 5201 Stansfield Drive, Zionsville, Upper Milford Twp, Pennsylvania, 18092-2088 ("Property"), free and clear of all liens, for the sale price of $599,900.00, pursuant terms of a certain real estate agreement of sale dated as of April 8, 2022, to the buyers thereunder, John Domanski and Katherine Horner ("Buyers"), who have represented they are purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters

2. Liens paid at closing to satisfy secured claim of Cenlar FSB, mortgage (Approximately $159,052.61 balance) (Actual balance to be determined prior to closing) and US Bank Trust National Association, mortgage (Approximately $362,844.57 balance) (Actual balance to be determined prior to closing).

3. Attorney fees for Bankruptcy Motion to Sell process, Laputka Law in the amount of

$650.00.

4. Real estate taxes, sewer, trash and/or other such items as determined necessary to pass insurable title

5. Property repairs, if any

6. Real estate commissions

7. Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement

After paying all liens in full, all costs of sale and the items disclosed above, the title clerk shall pay to Scott F. Waterman, Chapter 13 standing Trustee, the balance of the sales proceeds to be distributed by the standing trustee to his applicable commission, upon confirmation, in accordance with Debtor's Confirmed Plan.

The title clerk shall fax a copy of the disbursement check and HUD-1 or Settlement Sheet to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

BY THE COURT

*Patricia M. Mayer*
_____
PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE

**Date: May 5, 2022**