United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-12867-pmm |
| Frank Emery Torok, II | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 2 |
| Date Rcvd: Nov 17, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 19, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Frank Emery Torok, II, 5201 Stansfield Dr, Zionsville, PA 18092-2088 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Nov 19, 2022 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 17, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BRIAN CRAIG NICHOLAS | on behalf of Creditor Ally Bank bnicholas@kmllawgroup.com bkgroup@kmllawgroup.com |
| BRIAN CRAIG NICHOLAS | on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com |
| CHARLES LAPUTKA | on behalf of Debtor Frank Emery Torok  II claputka@laputkalaw.com, jen@laputkalaw.com;jbolles@laputkalaw.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor Ally Bank bkgroup@kmllawgroup.com |
| SCOTT F. WATERMAN (Chapter 13) | ECFMail@ReadingCh13.com |

United States Trustee

District/off: 0313-4 | User: admin | Page 2 of 2
Date Rcvd: Nov 17, 2022 | Form ID: pdf900 | Total Noticed: 1

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: Frank Emery Torok II | Debtor(s) | CHAPTER 13 |
| Ally Bank | Movant | |
| vs. | | NO. 21-12867 PMM |
| Frank Emery Torok II | Debtor(s) | |
| Joann M. Torok | Co-Debtor | |
| Scott F. Waterman | Trustee | 11 U.S.C. Section 362 and 1301 |

**ORDER**

ORDERED THAT: The Motion for Relief from the Automatic Stay of all proceedings is granted and the Automatic Stay of all proceeding, as provided under Section 362 and 1301 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (The Code), 11 U.S.C. Section 362 and 1301, is modified with respect to the subject premises located at 5201 Stansfield Drive, Zionsville, PA 18092 ("Property), so as to allow Movant, its successors or assignees, to proceed with its rights and remedies under the terms of the subject Mortgage and pursue its in rem State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property.

**Date: November 16, 2022**

*Patricia M. Mayer*
United States Bankruptcy Judge.